United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RASIEL MANUEL LOPEZ LEON, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-09787 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| RAYMOND THOMPSON, Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Rasiel Manuel Lopez Leon filed a petition for writ of *habeas corpus* under 28 USC §2241 on November 6, 2026. Dkt 1. He proceeds *pro se*. He acknowledges illegal entry into the United States at a prior date but nonetheless appears to assert that his current detention violates the Due Process Clause of the Fifth Amendment. Id at 6–7.

He alleges that (i) he arrived in the United States on an unspecified date, (ii) he was inspected and granted parole, (iii) he was later detained on an unspecified date, (iv) he has applied for asylum and his proceedings are pending, (v) no final order of removal has been entered, and (vi) he hasn't had a bond hearing. Id at 6. Documents attached to the petition show that he was released to humanitarian parole on September 14, 2022, and that such parole expired on November 13, 2022. Dkt 1-1 at 1. An attached letter also states that while Petitioner is eligible to apply for an adjustment of status under the Cuban Adjustment Act, he hasn't yet done so. Id at 5. Petitioner nonetheless maintains that his detention has become prolonged and that he should be entitled to either release or a bond hearing under 8 USC §1226(a). Dkt 1 at 6–7.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases; see also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The documents attached to the petition establish that Petitioner was released on humanitarian parole in September 2022. Such parole doesn't constitute an "admission." See 8 USC §1182(d)(5)(A). Further, that parole expired in November 2022. Dkt 1-1 at 1. He is thus subject to detention under 8 USC §1225(b)(2) rather than §1226(a).

The Fifth Circuit has issued a controlling decision with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; accord *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex) (as to §1225(b)(2)(A)). Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit has also issued a separate *en banc* decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 3181188 (5th Cir). With reference to detention pending conclusion of removal proceedings for aliens who have never been admitted, the decision holds that neither

procedural nor substantive due process requires hearings or other process beyond those provided by Congress. Id at *5–6, 9–10. As to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." Id at *5, quoting *DHS v Thuraissigiam*, 591 US 103, 138 (2020) (emphasis in original); accord *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (as to procedural due process). The Fifth Circuit also flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." Id at *11. And in broader context, it further observed, "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." Id at *13, quoting *Banyee v Garland*, 115 F4th 928, 933–34 (8th Cir 2024); see also *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (as to substantive due process).

Such decisions resolve any claims in the petition as to the INA and the Due Process Clause. It thus appears that the only exception as to due process that might now apply is that articulated in *Zadvydas v Davis*, 533 US 678 (2001), with respect to post-removal-order detention and the presumptively constitutional six-month period. But Petitioner here is not yet subject to a final order of removal.

Beyond that, the undersigned has now ruled on over 450 petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes decisions on the following issues pertinent to the subject petition:

- *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that the Government isn't estopped from enforcing §1225(b)(2)(A) as written, despite contrary decisions by, or priorities of, past Administrations, including prior release of a petitioner on supervision under §1226(a); see also *Lainez Briceno v Warden, Federal Detention Center, Miami,* 2026 WL 1004695, at *5 n 4 (SD Fla) (rejecting

contention that Government's argued position in *Jennings v Rodriguez*, 583 US 291 (2018), requires result departing from statutory text).

- *Gonsalves v Tate*, 2026 WL 1999943 (SD Tex): Holding that release to parole under 8 USC §1182 isn't considered admission, so alien's legal status reverts to that of an applicant for admission subject to §1225(b) once parole expires.
- *Matos Carmenaty v Frink*, 4:26-cv-01614 (SD Tex, May 27, 2026): Holding that failure by the Government to re-apprehend a paroled alien after expiration of parole has no bearing on later detention under §1225(b), nor does prior issuance of employment authorization or the filing of a status adjustment application.
- *Moreno Sanchez v Smith,* 2025 WL 3687914 (SD Tex): Holding that claims relying on prior status as a parolee fail because the decision to revoke parole is jurisdictionally barred and, regardless, returns a petitioner to status as an arriving alien subject to mandatory detention under §1225(b)(1).
- *Tarami v Frink, 2026 WL 1999651 (SD Tex):* Recognizing that the plain language of 8 USC §1225(b)(1)(B)(iii)(IV) requires detention of persons seeking asylum "throughout the completion of applicable proceedings."

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above. As such, it appears from the face of the petition that Petitioner is not entitled to relief.

The petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

Many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A)

comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

The petition for writ of *habeas corpus* by Petitioner Rasiel Manuel Lopez Leon is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on November 17, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge